# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 25, 2011 Session

## VIVIAN KENNARD v. METHODIST HOSPITALS OF MEMPHIS a/k/a METHODIST HEALTHCARE MEMPHIS HOSPITALS, ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. CT-000267-07    Robert L. Childers, Judge

No. W2010-01355-COA-R3-CV - Filed April 18, 2012

Plaintiff filed a medical malpractice action against the Anesthesia Defendants, among others. Prior to trial, one of Plaintiff's experts, Dr. McLaughlin, was excluded for failure to meet the requirements of the locality rule. Plaintiff proceeded to trial, and a jury verdict was rendered in favor of the Anesthesia Defendants. Plaintiff now appeals the expert's exclusion and the subsequent jury verdict.

In light of our previous vacation of the order excluding Dr. McLaughlin in *Kennard 2*, we remand this case to the trial court for reconsideration of Dr. McLaughlin's qualifications in light of *Shipley*. If the trial court determines that Dr. McLaughlin meets the requirements of the locality rule, as set forth in *Shipley*, it shall then consider whether he, as an OB-GYN, may testify against the Anesthesia Defendants. Finally, if the trial court determines that Dr. McLaughlin is competent to testify, it shall then determine whether his erroneous exclusion warrants a setting aside of the jury verdict rendered in favor of the Anesthesia Defendants.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Al H. Thomas, Memphis, Tennessee, for the appellant, Vivian Kennard

William D. Domico, Victoria S. Rowe, Memphis, Tennessee, for the appellees, Methodist Hospitals of Memphis a/k/a Methodist Healthcare Memphis Hospitals, et al

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

On January 7, 2007, Vivian Kennard ("Plaintiff") filed a complaint for medical malpractice against Dr. Arthur M. Townsend, IV and Associates Obstetrics & Gynecology, P.C. ("Obstetrics Defendant") and against Methodist Hospitals of Memphis, a/k/a Methodist Healthcare Memphis Hospitals, Michael L. Vernon, M.D., Paula Strong, CRNA, and Medical Anesthesia Group, P.A. ("Anesthesia Defendants"). Plaintiff alleged that the defendants had committed medical malpractice against her during the birth of her child in June of 2004. Specifically, she alleged that the defendants had failed to appropriately control/monitor her blood pressure before, during and after her C-section, thus causing her permanent blindness in both eyes.

On or about February 16, 2007, the Obstetrics Defendants filed a motion for summary judgment, on the ground that Plaintiff had failed to establish, through expert proof, that Dr. Townsend deviated from the recognized standard of acceptable professional care in the treatment of Plaintiff. The motion for summary judgment was supported by the Affidavit of Dr. Townsend, wherein he stated that he had complied with the applicable standard of care in his treatment of Plaintiff. Plaintiff then apparently identified two expert witnesses for use at trial: Richard McLaughlin, M.D., an OB-GYN practicing in Springfield, Missouri; and Barry I. Feinberg, M.D.,[1] an Anesthesiologist practicing in St. Louis, Missouri.

Plaintiff filed the Affidavit of Dr. McLaughlin, in which he opined that his practice location of Springfield, Missouri, is similar to Memphis:

> At the time of these events I was licensed to practice medicine in the State of Missouri and was so licensed and did practice medicine during the year preceding the treatment of Vivian Kennard. I am board certified in Obstetrics & Gynecology since 1971. I am familiar with the recognized standard of acceptable professional medical practice in these and related fields of medicine, and more specifically, the patient care of someone in the position of Vivian Kennard in an area such as Memphis, Tennessee where the standard of care would be comparable to the cities and facilities at which I have practiced medicine. I am familiar with the acceptable standard of care as it existed in 2004. I am familiar with the standard of care in Springfield, Missouri. I gained first hand knowledge of the standard of care of Springfield,

---

[1]Over the Anesthesia Defendants' objection, Dr. Feinberg was allowed to testify by deposition, and this admission is not at issue on appeal.

through my years of practice as an OB/GYN physician in the Springfield community. My experience include[s] care of patients with presentations such as that of Vivian Kennard. I have gained first hand knowledge of the Memphis Medical community through internet [re]search over the years including 2005. I have also reviewed medical cases from various hospitals and have gained insight as to how medicine is practiced in Memphis. In addition, I have a text written by researchers from the University of Tennessee Medical School, Dr. Frank Ling and Dr. Patrick Duff, entitled, <u>Obstetrics & Gynecology, Principals for Practice</u>. It is my opinion that the Memphis medical community is similar to the medical community of Springfield, Missouri. Memphis, a Regional Medical Center as is Springfield, draws many patients from Mississippi and Arkansas. Springfield provides care to an 18-county primary service area in southwest Missouri and northern Arkansas. Memphis has the University of Tennessee Medical School with residents practicing primarily at the Regional Medical Center and Methodist University Hospital. There are a similar number of hospitals in Memphis as there are in the Springfield area. Memphis has two large hospital systems, Baptist and Methodist. In addition it also has St. Francis Hospital and a large VA Hospital. St. Jude which is located in Memphis, is world re-known. There is the Elvis Presley Trauma Center, which is considered to be very good. The Campbell Clinic is a well known orthopedic clinic and the Campbell Clinic Medical text is used and is recognized in other communities. Springfield is the regional center of southwest Missouri. The Area of Dominant Influence (ADI) is defined by a 32 county region, seven of which are counties in Arkansas. Springfield, Missouri has a general Acute Care hospital, St. John's which is similar to the one in Memphis, the Regional Medical Center. It also is the home of Cox Health Systems, which provides care to the 18-county primary service area in southwest Missouri and northern Arkansas. Cox Health is accredited by the Joint Commission on Accreditation of Healthcare Organizations (JCAHO). Cox Health is recognized as a Children's Miracle Network Hospital for its extensive children's services and dedication to Children's Medical Network very similar to St. Jude. The extensive presence of Cox in the Springfield area is similar to the Baptist and Methodist Hospital Systems in Memphis, Tennessee.

The Burn Unit at St. John's is similar to the Burn Unit at the Regional Medical Center, as both hospitals serve similar regions. Springfield provides the area's most extensive healthcare options with six local hospitals with all of the major medical specialties being represented in Springfield. Memphis['] medical community is also similar to Springfield in regard to medical services

-3-

provided.

    All of the major medical specialties are represented in Memphis as well as in Springfield. It is my opinion because the two communities are similar, the standard of care in the treatment of Vivian Kennard would be the same.

Dr. McLaughlin then opined regarding deviations from the standard of care:

    I am of the opinion that Dr. Arthur Townsend acted with less than or failed to act within acceptable standards of care in his treatment of Ms. Vivian Kennard during and after her C-section delivery at Methodist Hospital on June 6, 2004.

    [] It is my opinion that Dr. Arthur Townsend fell below the standard of care when he failed to treat Ms. Kennard's severely elevated blood pressures. It is my opinion that Dr. Townsend *along with the anesthesiologist* was responsible for immediate treatment of Vivian Kennard's elevated blood pressures. It is documented in the anesthesia records that Vivian Kennard experienced elevated blood pressures that were severe, which continued after her transfer to the recovery room. It is my opinion that treatment of Ms. Kennard's blood pressures called for the administration of immediate anti-hypertensive medication. Although in my opinion it was appropriate to begin magnesium sulfate, it is my opinion that magnesium sulfate should not have been the sole treatment for blood pressures this elevated. Dr. Townsend should have consulted a perinatologist or an internist with experience in treating hypertension in pregnancy. Dr. Townsend should be aware that it is well known that elevated blood pressures in pregnancy can lead to visual disturbances and require treatment to prevent adverse consequences.

(emphasis added).

Plaintiff took Dr. McLaughlin's evidentiary deposition on December 15, 2009. The Obstetrics Defendants then filed a Motion in Limine to exclude Dr. McLaughlin claiming that his testimony did not comply with the locality rule set forth in Tennessee Code Annotated section 29-26-115. Likewise, on January 11, 2010, the Anesthesia Defendants filed a motion to exclude Dr. McLaughlin's testimony, based upon both the locality rule and–as an OB-GYN–his alleged lack of knowledge and experience in the anesthesia field.[2]

On or about January 15, 2010, the trial court granted the Obstetrics Defendants' motion in limine, thereby excluding Dr. McLaughlin's testimony based upon his failure to meet the requirements of the locality rule. Thereafter, the Obstetrics Defendants set their previously-filed motion for summary judgment for hearing on the ground that Plaintiff had provided no expert medical testimony against them. Plaintiff apparently did not oppose the motion for summary judgment, and an order was entered granting the Obstetric Defendants' motion for summary judgment on the ground that Plaintiff's expert testimony had been excluded and that she had provided no additional expert proof against them. **(V2, 214)**. The grant of summary judgment to the Obstetrics Defendants was made final pursuant to Tennessee Rule of Civil Procedure 54.02, and Plaintiff appealed the grant of summary judgment to this Court. *See Kennard v. Townsend*, No. W2010-461-COA-R3-CV, 2011 WL 1434625, at *11 (Tenn. Ct. App. April 14, 2011) ("*Kennard 1*").

In an April 14, 2011 opinion, this Court found that Dr. McLaughlin had failed to establish that Memphis and Springfield are similar communities, and therefore that the trial court had properly excluded his testimony. *See Kennard 1*, 2012 WL 1434625, at *11. However, on August 11, 2011, the Tennessee Supreme Court issued its *Shipley v. Williams*, 350 S.W.3d 527, opinion, which specifically stated that Tennessee courts had incorrectly interpreted the requirements of the locality rule, and which represented a paradigm shift concerning how Tennessee courts should approach the admission or exclusion of medical expert testimony. *See Kennard v. Townsend*, No. W2011-01843-COA-RM-CV, 2011 WL 690227, at *5 (Tenn. Ct. App. March 2, 2012) ("*Kennard 2*") (citing *Shipley*, 350 S.W.3d at 554). Thus, on August 30, 2011, the Tennessee Supreme Court issued its order granting Plaintiffs' Tennessee Rule of Appellate Procedure 11 application for the narrow purpose of remanding the *Kennard 1* case to this Court for reconsideration in light of *Shipley*.

On remand, this Court determined that because the admissibility of evidence triggers the trial court's discretion, and because the trial had no opportunity to consider the admissibility of Dr. McLaughlin's testimony in light of *Shipley*, that the case should properly be remanded to the trial court. Thus, on March 2, 2012, this Court vacated both the trial

---

[2]The trial court apparently found pretermitted the issue of Dr. McLaughlin's alleged lack of knowledge and experience in the anesthesia field.

court's motion *in limine* which excluded Dr. McLaughlin's testimony and its order granting summary judgment in favor of the Obstetrics Defendants, and we remanded to the trial court for further proceedings.

Meanwhile, after summary judgment was granted to the Obstetrics Defendants, the case proceeded to trial against the Anesthesia Defendants. A jury trial commenced on January 25, 2010, in which Plaintiff apparently presented the deposition testimony of Anesthesiologist Dr. Feinberg.[3] The jury returned a verdict in favor of the Anesthesia Defendants, and therefore, the trial court entered an Order of Judgment on February 18, 2010 dismissing the claims against the Anesthesia Defendants.

On March 4, 2010, Plaintiff filed a "(First) Motion for New Trial and/or To Alter or Amend Judgment" arguing that the jury's verdict was contrary to the weight of the evidence, and therefore, that the trial court, as thirteenth juror, should grant a new trial. The trial court denied Plaintiff's motion, and Plaintiff filed a "Second Motion for New Trial" on May 27, 2010. In her Second Motion for New Trial, Plaintiff contended that Dr. McLaughlin met the requirements of the locality rule, that his testimony, therefore, was erroneously excluded, and that this exclusion had diminished Plaintiff's ability to present her case, leading to a flawed jury verdict. Before the trial court ruled on her Second Motion for New Trial, Plaintiff, on June 9, 2010, filed a second Notice of Appeal to this Court, appealing the trial court's grant of the motion *in limine* excluding Dr. McLaughlin, its Order of Judgment,[4] and its denial of Plaintiff's First Motion for New Trial. Subsequently, finding Plaintiff's Second Motion for New Trial untimely–as it was filed ninety-eight days after the entry of the Order of Judgment–the trial court dismissed the motion for failure to comply with the requirements of Tennessee Rule of Civil Procedure 59.02.[5]

## II.  ISSUES PRESENTED

In this appeal, Plaintiff presents the following issues for our review, as summarized:

1.      Whether the trial court erred in excluding the testimony of Dr. McLaughlin based

---

[3] Only an excerpt of the January 25, 2010 proceedings is included in the record.

[4] We note that Plaintiff's Notice of Appeal lists the order appealed as the "'Order on Jury Verdict for Defendant' entered in this cause on February 18, 2010." Finding no order by that name, we presume Plaintiff intended to appeal the "Order of Judgment" entered on February 18, 2010.

[5] Tennessee Rule of Civil Procedure 59.02 requires that a motion for new trial be filed and served within thirty days following the entry of judgment. **Tenn. R. Civ. P. 59.02**.

upon the locality rule; and

2.       Whether the erroneous exclusion of Dr. McLaughlin warrants a setting aside of the jury verdict.

Additionally, the Anesthesia Defendants present the following issues:

3.       Whether the trial court properly exercised its role as thirteenth juror in affirming the jury verdict in favor of the Anesthesia Defendants;

4.       Whether Plaintiff waived appellate review of Dr. McLaughlin's exclusion; and

5.       Whether Dr. McLaughlin was properly excluded based upon his inability, as an OB-GYN, to offer expert testimony against the Anesthesia Defendants.

For the following reasons, we remand this case to the trial court for reconsideration of Dr. McLaughlin's qualifications in light of *Shipley*. If the trial court determines that Dr. McLaughlin meets the requirements of the locality rule, as set forth in *Shipley*, it shall then consider whether he, as an OB-GYN, may testify against the Anesthesia Defendants. Finally, if the trial court determines that Dr. McLaughlin is competent to testify, it shall then determine whether his erroneous exclusion warrants a setting aside of the jury verdict rendered in favor of the Anesthesia Defendants.

## III.  DISCUSSION

### *A. Waiver*

At the outset, we consider the Anesthesia Defendants' argument that Plaintiff, by failing to raise the issue in a timely motion for new trial, waived any challenge to the exclusion of Dr. McLaughlin in this appeal. Tennessee Rule of Appellate Procedure 3(e) states that

> in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

**Tenn. R. App. P. 3(e)**. However, Tennessee Rule of Appellate Procedure 36(b) further

provides that "an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal." **Tenn. R. App. P. 36(b)**.

On appeal, Plaintiff claims that she did not address the issue of Dr. McLaughlin's exclusion in her First motion for New Trial because when she filed her March 4, 2010 First Motion for New Trial, the issue of Dr. McLaughlin's exclusion was already on appeal in *Kennard 1*, and therefore, the trial court lacked jurisdiction over the issue. Alternatively, she contends that Rule 3(e) applies only to errors "occurring during the trial of the case[,]" and therefore that it was unnecessary to raise Dr. McLaughlin's *pre-trial* exclusion in a timely motion for new trial.

First, we reject Plaintiff's argument that Rule 3(e) applies only to conduct occurring during the course of trial. The "occurring during the trial of the case" language clearly modifies "other action[s]" and does not limit the Rule's application with regard to the admission or exclusion of evidence. However, because Plaintiff is correct that Dr. McLaughlin's exclusion had been previously challenged,[6] we find, exercising our discretion under Rule 36(b), that she did not waive the issue by failing to raise it in a timely motion for new trial.

### B.   Failure to Prevent Harmful Effect of Error

Next, we consider the Anesthesia Defendants' argument that Plaintiff may not now challenge Dr. McLaughlin's exclusion as it relates to her case against them, because, by proceeding to trial against them without seeking either a continuance, an interlocutory appeal, or permission to supplement the evidence to demonstrate satisfaction of the locality rule, she failed to prevent any harmful effect of his exclusion. The Anesthesia Defendants rely upon Tennessee Rule of Appellate Procedure 36(a) which provides:

> The Supreme Court, Court of Appeals, and Court of Criminal Appeals shall grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief, including the giving of any judgment and making of any order; provided, however, relief may not be granted in contravention of the province of the trier of fact. *Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.*

---

[6]On February 17, 2010, Plaintiff filed her Notice of Appeal in *Kennard I*, appealing the exclusion of Dr. McLaughlin and the grant of summary judgment to the Obstetrics Defendants.

**Tenn. R. App. P. 36(a)** (emphasis added). They also cite the "Advisory Commission Comments" which provide in relevant part:

> *Subdivision (a)*. . . . The last sentence of this rule is a statement of the accepted principle that a party is not entitled to relief if the party invited error, waived an error, or failed to take whatever steps were reasonably available to cure an error.

**Tenn. R. App. P. 36(a)** Advisory Comm'n Cmts.

Plaintiff, however, argues that she "was faced with a difficult decision after the trial court excluded Dr. McLaughlin" and she contends that her "decision to persevere to trial with as much as the trial court would allow cannot be deemed 'wrong[,]'" and that "[i]t cannot be deemed as a waiver of a subsequent attempt to cure the error of the trial court." We agree. While seeking a continuance or an interlocutory appeal may have been a better course of conduct, we find no authority requiring Plaintiff take such action or face waiver of an alleged exclusionary error on appeal. To the contrary, Rule 9 of the Tennessee Rules of Appellate Procedure clearly states that "[f]ailure to seek or obtain interlocutory review *shall not limit the scope of review* upon an appeal as of right from entry of the final judgment." (emphasis added). Moreover, Rule 103 of the Tennessee Rules of Evidence provides:

> **(a) Effect of Erroneous Ruling.** Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> . . . .
>
> (2) *Offer of Proof.* In case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context. Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

Based upon the above-cited authority, we find that Plaintiff's failure to seek either a continuance or an interlocutory appeal following Dr. McLaughlin's exclusion does not, *ipso facto*, preclude appellate review of his exclusion. Additionally, because Plaintiff could not have submitted further evidence regarding compliance with a not-yet-existing *Shipley* rule, we find that Plaintiff's failure to request permission to supplement the evidence to demonstrate satisfaction of the locality rule does not foreclose her ability to raise Dr.

-9-

McLaughlin's exclusion as error on appeal.

## C. The Locality Rule

As stated above, on or about January 15, 2010, the trial court excluded Dr. McLaughlin's testimony based upon his failure to meet the requirements of the locality rule. Subsequent to his exclusion, however, our Supreme Court issued its *Shipley v. Williams* opinion, which expressed dissatisfaction with Tennessee courts' prior interpretations of the requirements of the locality rule and which represented a paradigm shift concerning how Tennessee Courts should approach the admission or exclusion of medical expert testimony. *See Kennard 2*, 2011 WL 690227, at *5 (citing *Shipley*, 350 S.W.3d at 554).

Based upon its issuance of *Shipley*, the Supreme Court remanded *Kennard I* to this Court for reconsideration. However, having determined that the admissibility of evidence triggers the trial court's discretion, we remanded to the trial court to consider the admissibility of Dr. McLaughlin's testimony in light of *Shipley*. *Kennard 2*, 2012 WL 690227, at *6. To avoid inconsistent results, we likewise remand this case to the trial court with instructions for the trial court to make a fresh determination of Dr. McLaughlin's qualifications in light of the holding in *Shipley*. If the trial court determines that Dr. McLaughlin meets the requirements of the locality rule, as set forth in Shipley, it shall then consider whether he, as an OB-GYN, may testify against the Anesthesia Defendants. Finally, if the trial court determines that Dr. McLaughlin is competent to testify, it shall then determine whether his erroneous exclusion warrants a setting aside of the jury verdict rendered in favor of the Anesthesia Defendants. Any remaining issues are pretermitted.

## IV. CONCLUSION

For the aforementioned reasons, we remand to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed equally to Appellees Methodist Hospitals of Memphis a/k/a Methodist Healthcare Memphis Hospitals, Michael L. Vernon, M.D., Paula Strong, CRNA, and Medical Anesthesia Group, P.A. and to Appellant, Vivian Kennard, and her surety, for which execution may issue if necessary.

ALAN E. HIGHERS, P.J., W.S.